KARL OLSON (SBN 104760)
ZACHARY E. COLBETH (SBN 297419)
CANNATA O'TOOLE FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone:     (415) 409-8900
Facsimile:     (415) 409-8904
Email:         kolson@cofolaw.com
               zcolbeth@cofolaw.com

JEFF GLASSER (SBN 252596)
LOS ANGELES TIMES COMMUNICATIONS LLC
2300 E. Imperial Highway
El Segundo, California 90245
Telephone:     (213) 237-5000
Email:         jeff.glasser@latimes.com

Attorneys for Non-Party
LOS ANGELES TIMES COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN THE MATTER OF RICHARD P. LIEBOWITZ | CASE NO. 19-mc-80228-JD |
| | **DECLARATION OF KARL OLSON IN SUPPORT OF NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC'S SUBMISSION RE: RICHARD LIEBOWITZ'S MOTION CONCERNING ORDER OF DISBARMENT** |
| | Date:   November 21, 2019<br>Time:   10:00 am<br>Place:   Courtroom 11, 19th Floor<br>Judge:   Hon. James Donato |

CANNATA O'TOOLE FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

1.   I, Karl Olson, am a member in good standing of the State Bar of California and am a partner at Cannata, O'Toole, Fickes & Olson, counsel of record for non-party Los Angeles Times Communications LLC.   I make this declaration of personal knowledge and if called as a witness I could and would testify competently to the facts stated herein.

2.   Los Angeles Times Communications LLC is a defendant in a case filed by Richard P. Liebowitz, entitled *Marcus Santos v. Los Angeles Times Communications LLC* (Northern District of California, Case No. 19-cv-05424-EMC).

3.   To obtain *pro hac vice* status for the *Santos* case, Mr. Liebowitz named as local co-counsel Gregory Goonan of San Diego, a member of the State Bar of California and of the Northern District of California bar.  Mr. Liebowitz was granted *pro hac vice* status to appear before the Northern District in the *Santos* case on October 3, 2019.  Attached as **Exhibit A** is a true and correct copy of Mr. Liebowitz's *pro hac vice* application in the *Santos* case, and the order granting that application, both dated October 3, 2019.

4.   To date, Mr. Goonan – Mr. Liebowitz's designated local co-counsel –  has not filed a notice of appearance in the *Santos* case, and he is not listed on the caption of the Complaint in the *Santos* case.

5.   To date, there appears no indication that Mr. Liebowitz has complied with the Court's order and disclosed in the *Santos* matter anything about the OSC proceedings that occurred in the present matter before Judge Donato.

6.   It has also come to my attention that Mr. Liebowitz is currently under disciplinary sanctions action, as well as other scrutiny, in New York federal district court for alleged dishonesty toward a district court judge.  Attached as **Exhibit B** is a true and correct copy of an Order and Order to Show Cause, dated November 1, 2019, entered against Mr. Liebowitz by Judge Cathy Seibel of the U.S. District Court for the Southern District of New York in a case entitled, *Jason Berger v. Imagina Consulting, Inc.* (SDNY, Case No. 18-CV-8956 (CS)) . Attached as **Exhibit C** is a true and correct copy of an online news article from the *ABA Journal*, dated November 7, 2019, titled "Lawyer who blamed missed hearing on grandfather's death is

CANNATA O'TOOLE FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

1

ordered to supply proof." Attached as **Exhibit D** is a true and correct copy of an online news article from the *The Smoking Gun*, dated November 13, 2019, titled "Federal Judge Pummels Lying Litigator in Unrelenting Courtroom Beatdown."

7. A search conducted by a paralegal at my office reveals that Mr. Leibowitz has been involved in 22 cases in the Northern District in just the past year or so. Attached as **Exhibit E** is a true and correct copy of the search results showing all of the Northern District of California cases that Mr. Liebowitz has filed over the past year.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed this 18th day of November 2019 in San Francisco, California.


/s/ Karl Olson_____

Karl Olson

CANNATA O'TOOLE FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111

# EXHIBIT A

Reset Form

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

Marcus Santos )
                    Plaintiff(s), )
      v. )
Los Angeles Times Communications LLC )
                    Defendant(s). )

Case No: 19-cv-5424

**APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE**
(CIVIL LOCAL RULE 11-3)

I, Richard Liebowitz, an active member in good standing of the bar of Southern District of NY, hereby respectfully apply for admission to practice *pro hac vice* in the Northern District of California representing: Plaintiff Marcus Santos in the above-entitled action. My local co-counsel in this case is Gregory Goonan, an attorney who is a member of the bar of this Court in good standing and who maintains an office within the State of California.

| MY ADDRESS OF RECORD: | LOCAL CO-COUNSEL'S ADDRESS OF RECORD: |
|---|---|
| Liebowitz Law Firm, PLLC, 11 Sunrise Plaza, Suite 305, Valley Stream, NY 11580 | The Affinity Law Group 5230 Carroll Canyon Road, Suite 230, San Diego, CA 92121 |
| MY TELEPHONE # OF RECORD: 516-233-1660 | LOCAL CO-COUNSEL'S TELEPHONE # OF RECORD: 619-990-7077 |
| MY EMAIL ADDRESS OF RECORD: RL@LiebowitzLawFirm.com | LOCAL CO-COUNSEL'S EMAIL ADDRESS OF RECORD: GGoonan@Affinity-Law.com |

I am an active member in good standing of a United States Court or of the highest court of another State or the District of Columbia, as indicated above; my bar number is: RL1234.

A true and correct copy of a certificate of good standing or equivalent official document from said bar is attached to this application.

I agree to familiarize myself with, and abide by, the Local Rules of this Court, especially the Standards of Professional Conduct for attorneys and the Alternative Dispute Resolution Local Rules.

*I declare under penalty of perjury that the foregoing is true and correct.*

Dated: 10/3/2019

                            Richard Liebowitz
                                APPLICANT

## ORDER GRANTING APPLICATION
## FOR ADMISSION OF ATTORNEY PRO HAC VICE

IT IS HEREBY ORDERED THAT the application of Richard Liebowitz is granted, subject to the terms and conditions of Civil L.R. 11-3. All papers filed by the attorney must indicate appearance *pro hac vice*. Service of papers upon, and communication with, local co-counsel designated in the application will constitute notice to the party.

Dated: 10/3/19

                                Susson van Keul
                UNITED STATES DISTRICT/MAGISTRATE JUDGE

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JASON BERGER,

                              Plaintiff,

          – against –                                              **ORDER  and
                                                              ORDER TO SHOW CAUSE**

IMAGINA CONSULTING, INC.,
                                                              No. 18-CV-8956 (CS)

                              Defendant.
------------------------------------------------------------------------x

Seibel, J.

          On April 5, 2019, Defendant filed a letter with the Court requesting a discovery

conference.  (Doc. 27.)  That same day, I granted Defendant's request and scheduled a discovery

conference for April 12, 2019 at 11 a.m.  (Doc. 28.)  I also ordered Plaintiff to respond to

Defendant's letter by April 9, (*id.*), which Plaintiff did, (Doc. 30).  On April 12, the Court held

the discovery conference, but Plaintiff's counsel, Richard Liebowitz, did not appear and did not

call or email the Court or Defendant's counsel to explain his absence.  (Minute Entry dated Apr.

12, 2019.)  That same day, I ordered Plaintiff to show cause in writing, on or before April 17,

2019, why he failed to appear for the conference and why he should not be required to pay

Defendant's attorney's fees for the time expended to appear at the conference.  (Doc. 31.)  The

Court also rescheduled the conference for April 18, 2019.  (*Id.*)

          By letter dated April 15, 2019, Mr. Liebowitz advised that he had missed the conference

because of a death in the family which was an "unexpected urgent matter" to which he had to

attend.  (Doc. 32.)  He also said he would be out of the office on April 18 and asked to appear by

phone at the rescheduled discovery conference.  (*Id.*)

The conference was held by phone on April 18.  (*See* Minute Entry dated Apr. 18, 2019.)
Mr. Liebowitz represented that the death in the family occurred on the morning of April 12 and
apologized for not letting Defendant's counsel and the Court know.  During the conference,
issues were discussed that reflected negatively on Plaintiff's counsel's credibility.  For example,
Plaintiff had answered interrogatories saying his damages calculation had relied on "contracts,
invoices, [and] licensing agreements," (Doc. 27 at 1), but when Defendant requested those
documents, Plaintiff said he could not produce them without a protective order.  After Defendant
agreed to a protective order and the Court signed it, (Doc. 23), Plaintiff still produced nothing,
despite twice promising to do so.  (*See* Doc. 27.)  Further, Defendant's counsel represented that
Mr. Liebowitz had told Defendant's counsel that he could not comply because he was out of the
country due to an emergency, when in reality he was at a trade show in Europe trying to drum up
business. At that point, concerned about Mr. Liebowitz's credibility and the possibility that he
was trying to increase costs for Defendant's counsel, I determined that I could not merely accept
Mr. Liebowitz's representation that he missed the April 12 conference because of a death in the
family, and directed that, among other things, by May 1, Mr. Liebowitz provide evidence or
documentation regarding who died, when, and how he was notified.  I also permitted
Defendant's counsel to submit his billing records relating to the discovery dispute by May 1,
with Mr. Liebowitz having until May 15 to submit opposition to Defendant's application that
Plaintiff cover those fees.[1]

---

[1] I also expressed concern over how Plaintiff's claim of $5000 in damages could possibly have
been made in good faith.

By letter dated May 1, 2019, Mr. Liebowitz represented that his grandfather had
unexpectedly died on April 12, 2019 and that Mr. Liebowitz was needed to assist with certain
customs for which arrangements had to be made in advance of the Sabbath. (Doc. 36.) That
same day, I endorsed the letter as follows:

> This letter is not responsive to my instruction. Mr. Liebowitz was to *document* who
> passed away, when the person passed away and when Mr. Liebowitz was notified. The
> reason I requested documentation is that there is reason to believe Mr. Liebowitz is not
> being candid. So a letter from him does not advance the ball. When someone dies, there
> is documentation including a death certificate and (almost always) an obituary, and
> nowadays one's phone usually contains evidence of what one was told and when. Mr.
> Liebowitz may have until 5/3/19 to supplement this letter.

(Doc. 38 (emphasis in original)). On May 3, 2019, Plaintiff filed a notice of settlement. (Doc.
41.) On May 7, 2019, I advised as follows:

> I'm glad the parties have resolved the case (and, I presume, the issue of Plaintiff's
> counsel's expenses for the April 12 conference), but there remains one open issue: Mr.
> Liebowitz's failure to document the death in the family that he says caused him to miss
> the conference. (See Doc. 38.). He was supposed to address that issue by May 3, but I
> will give him until May 9. Even if Defendant has been made whole, I still need to satisfy
> myself that there is no need for disciplinary or other inquiry.

(Doc. 45.) On May 9, Mr. Liebowitz filed a Declaration in which he "re-certif[ied]" that the
statements in his April 15 and May 1 letters were true, and he stated that he believed that his
Declaration discharged his obligation to the Court. (Doc. 46 ¶¶ 6-7.)

On May 13, I responded that Mr. Liebowitz's May 9 Declaration did not resolve the
matter because, given the issues surrounding Mr. Liebowitz's credibility and his failure to
provide any information or documentation regarding his grandfather's death, Mr. Liebowitz's
reiteration could not sufficiently discharge his obligations to the Court. (Doc. 47.) I therefore
issued an order to show cause, requiring Mr. Liebowitz to provide documentation or other
evidence (apart from his own word) that demonstrated that a death in the family had occurred

that prevented him from attending the April 12 conference and timely notifying the Court and Defendant's counsel of his inability to attend. (*Id.* at 3-4.)

Rather than comply with the Court's order to provide the above documentation, on May 16, Mr. Liebowitz again submitted a Declaration reiterating his belief that his statements contained in the April 15, May 1, and May 9 letters were sufficient to discharge his obligations in response to the Court's order to show cause. (Doc. 48 ¶ 3.)

On July 26, I ordered Mr. Liebowitz, under pain of contempt, to provide a copy of his grandfather's death certificate so as to support his claim that he could not attend the April 12 conference, nor provide timely notice to the Court or opposing counsel, as a result of his grandfather's death. (Doc. 49.) In response, Mr. Liebowitz submitted another Declaration on August 12, stating that he believed that his previous letters sufficed to fulfill his obligations to the Court (in spite of the fact that I explicitly requested documentation other than "his say-so," (*see* Doc. 47 at 4)), and that he should not be required to submit his grandfather's death certificate because it is "a personal matter." (Doc. 50 ¶¶ 3-4.) As I noted in my August 19 response to Mr. Liebowitz's letter, however, although the death of a family member is certainly a personal matter, questions regarding Mr. Liebowitz's candor before the Court are professional in nature. (Doc. 51.) I reassured Mr. Liebowitz that, if he was concerned about the death certificate being available on the public docket, he was welcome to provide the document directly to my chambers to ensure his privacy. (*Id.*) I also made clear that, should he fail to provide the requested documentation by August 26, he would be held in contempt of court and subject to sanctions, including monetary sanctions and/or referral to this Court's Grievance Committee. (*Id.*)

On August 26, the day Mr. Liebowitz was required to provide his grandfather's death

certificate pursuant to my August 19 order, Mr. Liebowitz instead submitted another Declaration.

(Doc. 52.) In this Declaration, Mr. Liebowitz argued that he was not in contempt because this

Court's request for his grandfather's death certificate was unlawful, as it "likely constitutes a

usurpation of judicial authority or a breach of judicial decorum," (*id* ¶ 14); his previous

Declarations complied with my previous orders, (*id.* ¶ 15); "there [was] no basis to impose

monetary sanctions," (*id.* ¶ 16); and the Court's assurance that his grandfather's death certificate

would not be made public was insufficient to protect his right to privacy, (*id.* ¶ 17).

On September 27, I endorsed Mr. Liebowitz's latest Declaration, stating that:

> There is nothing unlawful about my August 19, 2019 order. There was also nothing
> unclear about it. Likewise, Mr. Liebowitz's failure to comply is apparent beyond any
> reasonable doubt. Finally, he has not diligently attempted to comply. To the contrary,
> while maintaining that the death occurred (and thus implicitly conceding the existence of
> a death certificate), he has repeatedly refused to provide it, even after the Court made
> clear that his "good faith declarations" were insufficient and after the Court agreed that
> the document need not be publicly filed. He has not shown or even alleged an inability to
> comply.

(Doc. 53.) I therefore declared Mr. Liebowitz to be in contempt of court, and ordered that,

should he fail to comply with my order and provide the requested documentation by October 2,

he would be subject to monetary sanctions of $100 each business day until he complied. (*Id.*) I

also informed Mr. Liebowitz that, "[s]hould this sanction prove insufficient" to ensure his

compliance, "additional or different sanctions [would] be considered." (*Id.*)

On October 2, Mr. Liebowitz wrote a letter to my chambers requesting an in-person

conference to discuss my September 27 order, and also requesting a stay of that order "[f]or just

cause" until the conference could be held. (Doc. 54.) I denied his request, noting that Mr.

Liebowitz's letter had not stated what purpose would be served by an in-person conference, nor

5

had it supplied any justification for a stay of my September 27 order.  (Doc. 55.)  Mr. Liebowitz submitted another letter the next day, October 3, reiterating his request for an in-person conference to discuss his grandfather's death certificate and for a stay "[f]or just cause."  (Doc. 56.)  I again denied the application, because Mr. Liebowitz had not articulated any purpose that the conference would serve, nor did he supply any cause to stay my September 27 order.  (Doc. 57.)  I further ordered Mr. Liebowitz to refrain from filing any further requests for a conference unless he could explain specifically what purpose would be served by the conference and to refrain from filing any further requests for a stay of my September 27 order unless he could specifically state a justification for a stay.  (*Id*.)  I notified Mr. Liebowitz that his first payment under the contempt sanction was due to the Clerk of the Court on Monday, October 7.  (*Id*.)

On October 7, Mr. Liebowitz sent a letter requesting a two-week extension to deliver his grandfather's death certificate and requesting that the monetary sanctions be stayed until after the extension had elapsed.  (Doc. 58.)  This request had come at 8:34 p.m. on October 7, well after the Clerk's Office had closed.  (Doc. 59.)  That same night, I denied Mr. Liebowitz's request for an extension.  (*Id*.)  As of November 1, 2019, Mr. Liebowitz has not made any of his required payments.  By the Court's count, Mr. Liebowitz was obligated to pay $300 on October 7, 2019; $400[2] on October 15, 2019;[3] $400 on October 21, 2019;[4] and $500 on October 28.

Richard Liebowitz, Plaintiff's counsel in this case, is now in contempt of my August 19, 2019 and September 27, 2019 orders.  (*See* Docs. 51, 53.)  The $100 fine he accrues each business day has plainly been ineffective to coerce compliance with the August 19, 2019 Order.

---

[2] I will not count Yom Kippur, which fell October 9, 2019, as a business day.
[3] Monday, October 14, was a national holiday.
[4] See note 3 above.

6

Accordingly, the daily contempt sanction is hereby increased to $500 a day, effective November 6, 2019.  Starting on that date, Mr. Liebowitz will be sanctioned $500 per business day (payable on Monday of each week, or Tuesday if the office of the Clerk of Court is not open on Monday) until he has complied in full with my August 19, 2019 and September 27, 2019 Orders.  Further, Mr. Liebowitz is hereby ORDERED to appear before this Court in person on November 13, 2019 at 10 a.m., and there and then SHOW CAUSE why he should not be incarcerated until such time as he complies with the above-described orders (and, if applicable, the instant order). Failure to appear as directed will subject Mr. Liebowitz to arrest by the United States Marshals Service without further notice.[5]

**SO ORDERED.**

Dated: November 1, 2019
      White Plains, New York

                                      _____
                                       CATHY SEIBEL, U.S.D.J.

---

[5] Should Mr. Liebowitz already be committed to appear before another court on November 13, 2019 at 10 a.m., he shall – no later than November 6, 2019 – so advise the Court by letter and enclose proof of the commitment from a source other than Mr. Liebowitz (such as a court order or docket entry).  No adjournment will be considered unless it is requested on or before November 6, 2019, and unless the request is accompanied by proof of the commitment from a source other than Mr Liebowitz.  The letter shall also provide three dates and times within a week of November 13, 2019 when Mr. Liebowtiz is available to appear before this Court.  If the Court finds the showing sufficient, the Court will advise Mr. Liebowitz of a new date and time.  Unless he hears from the Court about a new date and time, he shall appear on November 13, 2019 at 10 a.m.

# EXHIBIT C

Case 3:19-mc-80228-JD Document 10-1 Filed 11/18/19 Page 15 of 24





Home  /  Daily News  /  Lawyer who blamed missed hearing on grandfather's…

TRIALS & LITIGATION

# Lawyer who blamed missed hearing on grandfather's death is ordered to supply proof

BY DEBRA CASSENS WEISS (HTTP://WWW.ABAJOURNAL.COM/AUTHORS/4/)

NOVEMBER 7, 2019, 12:53 PM CST

Like 142    Share        Tweet   in Share

A federal judge in New York has threatened to toss a copyright lawyer in jail if he doesn't provide proof that there was indeed a death in his family after missing a hearing without prior notice.

U.S. District Judge Cathy Seibel told lawyer Richard Liebowitz that he needs to provide proof of his grandfather's death and that he will be fined $500 each business day until he provides it. She also ordered Liebowitz to show up for a Nov. 13 hearing to show cause why he should not be jailed until he complies.

Law360 (https://www.law360.com/legalethics/articles/1217643/judge-threatens-to-jail-copyright-atty-over-no-show-excuse) has coverage of Seibel's Nov. 1 order to show cause (http://www.abajournal.com/files/LiebShowCause.pdf), issued after six months of wrangling over the issue.

Liebowitz has filed more than 1,600 copyright infringement suits in the last four years, according to Law360. He recently asked a different New York federal judge (http://www.abajournal.com/news/article/afternoon-briefs-judge-bans-trick-or-treat-warning-signs-johnny-depp-settles-fee-dispute) to recuse himself from one of his infringement cases for calling Liebowitz a "copyright troll." Yet another federal judge ordered Liebowitz (http://www.abajournal.com/news/article/judge-sanctions-litigious-copyright-lawyer-notes-growing-body-of-law-on-when-to-punish-him) to pay his opponent's attorney fees for failing to comply with court orders for a court appearance and mediation.



*Shutterstock*

The missed hearing before Seibel, a discovery conference, had been scheduled for April 12. Liebowitz told Seibel in an April 15 letter that he missed the hearing because of a death in the family that occurred on the hearing date.

Seibel said she became concerned about Liebowitz's credibility during an April 18 phone conference. She provided some examples of issues that led to her concern.

Liebowitz promised to produce documents supporting his $5,000 damages calculation if he could obtain a protective order, but did not provide them after such an order was signed. According to the opposing counsel, Liebowitz maintained he couldn't provide the documents because he was out of the country due to an emergency, when actually he was at a trade show in Europe trying to drum up business.

At that point, Seibel ordered Liebowitz to provide proof of the death by May 1. In a letter dated May 1, Liebowitz said his grandfather died unexpectedly on April 12 and he needed to help make arrangements in advance of the Sabbath.

Case 3:19-mc-80228-JD   Document 10-1   Filed 11/18/19   Page 17 of 24

Seibel told Liebowitz the letter wasn't responsive to her request and he had until May 3 to supplement his letter with proof such as a death certificate or obituary. The case settled the same day.

Seibel pointed out that Liebowitz still hadn't provided proof and he had until May 9 to supply it. Liebowitz filed a declaration that day in which he "recertified" his prior statements. Seibel told Liebowitz that wasn't enough.

Liebowitz filed three more declarations in response to Seibel's subsequent orders, but did not provide other proof.

Seibel held Liebowitz in contempt of court on Sept. 27 and said that if he did not provide the documentation by Oct. 2, he would be fined $100 each business day that he failed to comply with her order. No payments were made by the Nov. 1 date of Seibel's order.

Seibel increased the fine to $500 each business day in her order. If Liebowitz doesn't show up at the Nov. 13 hearing, Seibel said, she will order his arrest without further notice.

*Give us feedback, share a story tip or update, or report an error.*

      

Copyright 2019 American Bar Association. All rights reserved.

# EXHIBIT D



SINCE 1997


The Smoking Gun
61,626 likes

Like Page          Share

Be the first of your friends to like this

NOVEMBER 13, 2019

Florida
Mug Shot Roundup
Assault
Friday Photo Fun
FBI
South Carolina
Theft
Battery
Pennsylvania
Ohio
Drunk Driving
Walmart

## Federal Judge Pummels Lying Litigator In Unrelenting Courtroom Beatdown

Like   114 people like this. Sign Up to see what your friends like.

Comments()      Share               Tweet

In a remarkable courtroom pummeling, a federal judge today branded a notorious copyright lawyer an inveterate liar who undertook a "concerted campaign of deception" that has left her questioning the attorney's "fitness to practice."

In a 70-minute hearing in her White Plains, New York courtroom, Judge Cathy Seibel this morning delivered a blistering denunciation of Richard Liebowitz's behavior in connection with a civil lawsuit he brought last year on behalf of a photographer.



As detailed in a TSG story published Monday, Liebowitz (seen at right) lied to Seibel when asked to explain why he failed to show up for an April 12 court hearing. Liebowitz claimed that his grandfather had died on the morning of the hearing, and that, "I needed to immediately arrange to be with my family during this difficult time." Liebowitz told Seibel, "In the Jewish religion certain customs needed to be done before the Sabbath that I needed to assist in. I truly hope the Court understands this emergency."

The truth, TSG discovered, was that Liebowitz's maternal grandfather, 93-year-old Jaime Radusky, passed away the morning of April 9 at a Manhattan hospital.

Suspecting that Liebowitz was not being honest about the death of his kin, Seibel spent more than six months trying to get the attorney to provide proof of his grandfather's demise. In repeated sworn court submissions, Liebowitz attested to the truthfulness of his claims, while refusing to provide Seibel with any of the documentation she requested (like a death certificate).

Flanked by a pair of criminal defense lawyers, Liebowitz appeared this morning in Seibel's courtroom in response to a November 1 judicial order warning that he would be arrested if he failed to show up. Seibel's order noted that she had already found him in contempt of two prior orders.

As she recounted the "whole sordid chronology" of the matter, Seibel re[...] the "very tangled web of lies" spun by Liebowitz, who has filed more tha[...]


DOCUMENT: Crime          NOVEMBER 15, 2019
**Man Claims Wind Blew Bag Of Coke Into His Car**
Despite unique explanation, cops decided to bust Florida Man, 37

DOCUMENT: Internet, Crime          NOVEMBER 15, 2019
**Friday Photo Fun Match Game**

DOCUMENT: Crime          NOVEMBER 14, 2019
**Not Knocked Up, So Smuggler Gets Locked Up**

1.
BUSTER: **Federal Judge Pummels Lying Litigator In Unrelenting Courtroom Beatdown**

Jailers Get Eyeful While Booking Woman, 19, Charged With Drunk Driving

Read Next Story

"Cheating On His Wife"

federal judge who metes out harsh punishment to unrelenting Liumbus/beatdown agent responding gun federal copyright lawsuits during the past several years. Liebowitz, who founded a small Long Island law firm, has practiced for less than five years.

Referring to Liebowitz's claim that his grandfather's death came a day before the Sabbath--which purportedly required him to assist in certain Jewish religious customs--Seibel said this was when the lawyer "made the decision to tell an outright lie" in an effort to "intentionally deceive the court." The judge added that



Liebowitz "knows right from wrong," but was not concerned about "staying on the right side of that line."

Seibel, pictured at left, stated that Liebowitz knew he was lying about the date of his grandfather's death, but "chose to repeat that lie six, eight, ten times" in court filings that the jurist said were part of a "long-term campaign of deception." Liebowitz,

Seibel remarked, "double-downed, triple-downed, quadrupled-downed, octupled-down, I don't know what would come after that."

"I question Mr. Liebowitz's fitness to practice," Seibel said at one point during the hearing.

Seibel said that it seemed Liebowitz thought that if he could drag the court proceedings out, that she would lose interest in him. Referring to the "multiple lies" offered by Liebowitz, Seibel said, "I'm sure he's disappointed I didn't go away."

In an attempt to counter Seibel's devastating dissection, Richard Greenberg, one of Liebowitz's lawyers, said his client was "not playing with a full deck," adding that he shared the judge's "mystification" as to Liebowitz's behavior. Greenberg claimed that Liebowitz "was in a daze" following his grandfather's death, and than any misrepresentations on the lawyer's part were not "intentful."

Seibel dismissed that claim, noting that it was "completely implausible" that Liebowitz's "haze" continued for the many months he "tried to weedle his way out of the problem."

Seibel was equally unsparing when Greenberg described Liebowitz as a "young, inexperienced, somewhat immature lawyer." The jurist replied that she was "not really super-sympathetic" to the young lawyer argument, since attorneys know not to lie and understand their ethical responsibilities.

Noting the significance of a lawyer who "intentionally lies to the court," Seibel said she has referred the Liebowitz matter to the Grievance Committee for review and possible disciplinary sanctions. Seibel added that her contempt rulings against Liebowitz will require him to disclose the sanctions to other courts and prospective clients.

In a letter to Seibel, Greenberg argued that the contempt findings against Liebowitz will damage his legal career.

Near the close of the hearing, Liebowitz briefly addressed Seibel, saying he was "really, really sorry" and that his repeated misstatements were "really an honest mistake."

Seibel, however, was having none of it. "Stop kidding yourself," she told Liebowitz after referring to his months and months of lies. "This was clearly not an honest mistake," she said. Rather, it was a "concerted campaign of deception."

During the hearing, Greenberg referred to a letter he submitted yesterday under seal to Seibel (who plans on publicly docketing the missive later today). In that communication, Greenberg reported that he "recommended Richard seek pyschotherapy," as well as professional help in managing his firm. [11/14 UPDATE: Click here to download Greenberg's 25-page submission to Seibel.]

Referring to those remedial efforts, Seibel suggested that Liebowitz bring the transcript from today's hearing with him when he arrives for his initial session with a mental health professional. "You need to do some introspection," she told Liebowitz. "It's time to start facing the facts."

4.
**DOCUMENT: The Lawyer, The Judge & The Dead Grandfather**

5.
**DOCUMENT: Student, 18, Arrested Over Bathroom Video**

**Jailers Get Eyeful While Booking Woman, 19, Charged With Drunk Driving**

**Read Next Story ❯**

Tweet

Reckless Driver Told Cops He Was Racing Home After "Cheating On His Wife" | Document cloud | breakdown resizes ... gun

Cathy Seibel, Richard Liebowitz

**BUSTER**

**Reckless Driver Told Cops He Was Racing Home After "Cheating On His Wife"**

**Crying Man Forced To Dump Package In Airport Trash. Then This Lady Opened It**
IcePop | Sponsored

**The controversial Scene That Took 'Bewitched' Off Air**
DirectExpose | Sponsored

**Pauley Perrette At 50 Is Leaving Nothing To Imagination**
MisterStocks | Sponsored

**Her Belly Keeps Growing, Doctor Sees Scan And Calls Authorities**
Top 5 | Sponsored

**Yearbooks That Were Printed And Handed To The Whole School Before Teachers Saw The Photo Error**
SoGoodly | Sponsored

**Why People Abuse Drugs & Alcohol Instead of Getting Help**
Malibu Hills Rehab | Sponsored

**She Was A Promising Star In The 70's, See How She Looks Today**
DoctoReport | Sponsored

**Colorado Mom Adopted Two Children, Months Later She Learned Who They Really Are**
PopularEverything | Sponsored

**Honey Boo Boo Is So Skinny Now And Looks Like A Goddess – We Can't Stop Staring (Photos)**
Crowdy Fan | Sponsored

**Quiz: How High Would Your Rank Have Been in WWII?**
HowStuffWorks.com | Sponsored

**Wardrobe Fails That These People Didn't Notice Before Wearing**
UniversityFox | Sponsored

**Fans Never Knew Pee Wee Herman's Real Name Now**
NinjaJournalist | Sponsored

**Jailers Get Eyeful While Booking Woman, 19, Charged With Drunk Driving**

Read Next Story ›

**Jailers Get Eyeful While Booking Woman, 19, Charged With Drunk Driving**

The Smoking Gun

**Cartwheeling Substitute Teacher Exposed Self To High School Choir Class, Police Charge**

The Smoking Gun

---

**1 Comment**

Sort by   Oldest

Add a comment...

**Ronald Hayden**

Don't leave us hanging, did he get sent to jail ?

Like · Reply · 1d

 **Demons World**

*I am making $92 an hour working from home. i was greatly surprised at the same time as my neighbour advised me she changed into averaging $ninety five however I see the way it works now. I experience masses freedom now that i'm my non-public boss. that is what I do......*👀

COPY THIS WEBSITE 🔟🔟🔟🔟

HERE☞ Www.Money34.comⒶ

please don't copy [ Ⓐ ] in url thanks

Like · Reply · 1d · Edited

Facebook Comments Plugin

© 2019 TSG Industries Inc.
All Rights Reserved.

Home   Documents   Buster   Backstage   Mug Shots   Time Waster   About

Terms of Use   Privacy Statement   Submit a Tip

**Jailers Get Eyeful While Booking Woman, 19, Charged With Drunk Driving**

**Read Next Story ❯**

# EXHIBIT E

PACER

**U.S. District Court California Northern District**

Search query result re: Richard Liebowitz (attorney)

| | Logout | | |
| --- | --- | --- | --- |

### Select A Case

Richard P Liebowitz is an attorney in 22 cases.

| | | |
| --- | --- | --- |
| 3:19-cv-04827-CRB | Parisienne v. Getschina, Inc. | filed 08/14/19 |
| 3:19-cv-05098-VC | Verch v. 121 Silicon Valley, Inc. | filed 08/17/19 |
| 3:19-cv-05424-EMC | Santos v. Los Angeles Times Communications LLC | filed 08/28/19 |
| 3:19-cv-06099-SK | Masi v. The Young Turks, Inc. | filed 09/25/19 |
| 3:19-cv-06499-VC | Hames v. The Roxie Theater | filed 10/09/19 |
| 3:19-mc-80228-JD | In the Matter of Richard P. Liebowitz - NY SBN 5357702 | filed 09/20/19 |
| 4:19-cv-04701-PJH | Ziosower v. Amoeba Music Inc. | filed 08/12/19  closed 10/30/19 |
| 4:19-cv-04829-JST | Harbus v. B3 Media, LLC | filed 08/14/19  closed 11/14/19 |
| 4:19-cv-05202-YGR | Tabak v. ABS-CBN International | filed 08/20/19 |
| 4:19-cv-05423-JSW | Westerkamp v. National Association of Social Workers | filed 08/28/19 |
| 4:19-cv-05616-PJH | Zharkov v. 3DBIN, Inc. et al | filed 09/05/19 |
| 4:19-cv-05745-YGR | Stokes v. Moby Dick Bar | filed 09/12/19 |
| 4:19-cv-05858-JSW | Kulmstedt v. Livingly Media, Inc. | filed 09/19/19 |
| 4:19-cv-06295-JSW | Pannonen v. VAAS | filed 10/03/19 |
| 4:19-cv-06417-JST | Alvarado v. Mother Jones, LLC | filed 10/07/19 |
| 5:19-cv-00297-LHK | Adlife Marketing & Communications Company, Inc. v. Popsugar Inc. | filed 01/17/19 |
| 5:19-cv-04755-LHK | Singer v. Pixel Labs, Inc. | filed 08/13/19  closed 09/08/19 |
| 5:19-cv-04826-EJD | Chevrett v. SFG Media Group, LLC | filed 08/14/19  closed 09/09/19 |
| 5:19-cv-05099-EJD | Verch v. Duetto Research, Inc. | filed 08/17/19 |
| 5:19-cv-05233-BLF | Seidman v. Shareably Media, LLC | filed 08/22/19 |
| 5:19-cv-05859-LHK | Johnson v. Historic Railroad Square Association | filed 09/19/19 |
| 5:19-cv-06465-SVK | Geerds v. San Francisco Bay View Inc. | filed 10/08/19 |