1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2     Including Professional Corporations
  JAMES M. CHADWICK, Cal. Bar No. 157114
3  TENAYA RODEWALD, Cal. Bar No. 248563
  379 Lytton Avenue
4  Palo Alto, California 94301-1479
  Telephone:    650.815.2600
5  Facsimile:    650.815.2601
  Email:      jchadwick@sheppardmullin.com
6              trodewald@sheppardmullin.com

7  Attorneys for California News Publishers Association

8

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12  IN THE MATTER OF RICHARD P.
  LIEBOWITZ

        Case No. 3:19-mc-80228-JD

13  **SUBMISSION IN SUPPORT OF ORDER
BARRING RICHARD P. LIEBOWITZ**
14  **FROM PRACTICE IN THE UNITED
STATES DISTRICT COURT FOR THE**
15  **NORTHERN DISTRICT OF
CALIFORNIA, AND IN OPPOSITION TO**
16  **MOTION TO VACATE**

17  Crtrm.:   11, 19th Floor
  Judge:   The Hon. James Donato

18  **I.    INTRODUCTION**

19        Presently pending in this special proceeding is Attorney Richard P. Liebowitz' motion to

20  vacate the order of disbarment entered by the Court on October 7, 2019. For the reasons set forth

21  herein and in the accompanying Declaration of James Chadwick and Request for Judicial Notice,

22  the Court's order disbarring Mr. Liebowitz should be confirmed, his motion to vacate should be

23  denied, and Mr. Liebowitz should be permanently barred from practicing in the Northern District

24  of California, including in all presently pending cases there.

25  **II.    FACTUAL AND PROCEDURAL BACKGROUND**

26        Mr. Liebowitz is an attorney, apparently admitted to practice in the State of New York,

27  who specializes in bringing copyright infringement actions on behalf of photographers.

28  (Declaration of James Chadwick, hereafter "Chadwick Decl.," filed herewith, ¶ 2.) His modus

operandi, which is well known in the publishing industry, is to file lawsuits without providing any prior notice to the publishers he sues, and then to use the costs of litigation in order to extract or seek to extract settlements far in excess of any license fee or any reasonable measure of damages recoverable in the litigation. (Chadwick Decl., ¶ 3.) He has filed more than a thousand such cases in recent years. *Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-9215 (LAK), 2019 U.S. Dist. LEXIS 160421, at *1-2 (S.D.N.Y. Sep. 18, 2019) ("According to the Court's records, Mr. Liebowitz, who was admitted to practice in this Court in October 2015, filed 1,110 lawsuits in this Court from the beginning of 2016 through September 16, 2019. That is an average of more than one new case on every day the Court has been open for business. Each and every one of those 1,110 cases has been a copyright infringement suit. Many—probably all or nearly so—have been brought on behalf of photographers who assert that their images have been infringed by Internet web sites and other publishers."). He has been characterized by judges before whom he has appeared as a "copyright troll." *See, e.g.*, *McDermott v. Monday Monday, LLC,* No. 17-cv-9230(DLC), 2018 U.S. Dist. LEXIS 28664, at *8 (S.D.N.Y. Feb. 22, 2018); *McDermott v. Monday Monday, LLC*, No. 17-cv-9230 (DLC), 2018 U.S. Dist. LEXIS 184049 (S.D.N.Y. Oct. 26, 2018); *Reynolds v. Hearst Communs., Inc.,* No. 17-cv-6720(DLC), 2018 U.S. Dist. LEXIS 35453, at *9 (S.D.N.Y. Mar. 5, 2018).

Until recently, Mr. Liebowitz largely (but not entirely) confined his practice to the Southern District of New York. His conduct in the Southern District of New York has been so persistently egregious that, as courts there have observed: "In his relatively short career litigating in this District, Richard Liebowitz has earned the dubious distinction of being a regular target of sanctions-related motions and orders." *Rice v. NBCUniversal Media, LLC*, No. 19-cv-447 (JMF), 2019 U.S. Dist. LEXIS 114690, at *1 (S.D.N.Y. July 10, 2019). *See also Sands v. Bauer Media Grp. USA,* 2019 U.S. Dist. LEXIS 160421, at *3. As his notoriety there has grown, Mr. Liebowitz has begun filing actions in the Northern District. By his own testimony, in 2019 alone he brought 19 cases in the Northern District. (ECF 8.) In fact, it appears he has brought 21 actions here in 2019. (ECF 10-1, Ex. E.) Mr. Liebowitz admits that he brought these actions himself, without previously seeking or obtaining admission to the California bar.  (ECF 8, fn. 1 ["I never purported

to be a member of the Bar of this District.  I simply filed cases using an ECF password . . . ."].)
He claims that he did so "with the intent of obtaining local counsel in each case."  However,
despite having brought and pursued numerous actions in the Northern District beginning not later
than March of this year, by his own admission he did not associate with local counsel or seek
admission *pro hac vice*—as is required by the Court's Local Rules—until the Court issued its
original order to show cause in this action.  (ECF 8.)

On September 20, 2019, the Court initiated this proceeding with the issuance, on its own
motion, of an order directing Mr. Liebowitz to show cause why his membership in the bar of the
United States District Court for the Northern District of California (the "Northern District") should
not be terminated. (ECF 1.) Mr. Liebowitz responded on October 4, 2019. (ECF 2.) On October 7,
2019, the Court issued an "Order of Disbarment." (ECF 3.) After making findings, that order
concluded as follows: "The Court consequently orders attorney Richard P. Liebowitz removed
from the membership roll of the bar of this Court. In addition, attorney Liebowitz is ordered to
disclose these OSC proceedings to any judge in this district before whom Liebowitz has a pending
pro hac vice application." On October 21, 2019, Mr. Liebowitz submitted a document entitled
"Motion to Correct or Otherwise Vacate the Court's Order, Dated October 7, 2019 Respecting the
Use of the Term Disbarment." (ECF 5.) Although the purpose of this submission is obscure, Mr.
Liebowitz apparently seeks to have the Court vacate the Order of Disbarment to the extent it bars
him from admission to the bar and the practice of law in the Northern District. On November 18,
2019, Los Angeles Times Communications LLC ("Times") filed a submission concerning the
Court's order of disbarment. (ECF 10.) On the same day, the Court vacated the hearing on Mr.
Liebowitz' motion and indicated that it would issue a decision on the merits. (ECF 9.) Mr.
Liebowitz thereafter filed an affidavit and amended affidavit in "opposition" to the Times.

The California News Publishers Association ("CNPA") is a non-profit trade association
representing more than 400 daily, weekly, and student newspapers and digital news media outlets in
California. For well over a century, CNPA has defended the First Amendment rights of publishers
to gather and disseminate—and the public to receive—news and information. CNPA works with the
Legislature on bills affecting public access, and it regularly appears as amicus curiae in CPRA cases

in this Court and the courts of appeal in order to provide its perspective on the tangible, ground-level effects of the law on its members. It makes this submission because it recognizes the threat to news publishers presented by Mr. Liebowitz. Given the ubiquitous availability of images through a wide variety of online sources, and the fact that many photographers make a practice of permitting their works to be distributed through means that allow unprotected copying and distribution, and then sue—often using Mr. Liebowitz as their attorney—when an unwitting publisher picks up one of their images, this threat is substantial.

The Court has discretion whether to admit Mr. Liebowitz to practice before the Northern District. Mr. Liebowitz long history of abuses and sanctions in the course of his practice before other courts and the fact that he has been and seeks to continue regularly practicing in the Northern District should disqualify him from practice here. Because his admission would be contrary to the Northern District Local Rules and the public interest, the Court should decline to admit Mr. Liebowitz, should confirm the Order of Disbarment, and bar him from practicing in the Northern District.[1]

III.   **MR. LEIBOWITZ SHOULD NOT BE ADMITTED TO THE NORTHERN DISTRICT, AND SHOULD BE BARRED FROM PRACTICING HERE**

A.   **Mr. Liebowitz Cannot Be Admitted as a Member of the Bar of the Northern District Generally**

"Federal courts have long had the authority to 'establish criteria for admitting lawyers to argue before them.'" *Bundy v. United States Dist. Court (In re Bundy)*, 840 F.3d 1034, 1042 (9th Cir. 2016), quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006. "The right to practice law in courts of jurisdictions in which an attorney is not admitted to the bar is not a right protected by the due process clause of the Fourteenth

---

[1] CNPA has found no authority addressing submissions by non-parties in proceedings initiated by a court relating to admission of an attorney. CNPA respectfully requests that because this proceeding affects the interests of CNPA members and that they have no other means to participate, the Court accept this submission. CNPA notes that, at a minimum, the Court has discretion to permit amicus briefing, that courts have "exercised great liberality" in doing so, that "[t]here are no strict prerequisites," and that "an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *In re Roxford Foods Litigation,* 790 F. Supp. 987, 997 (ED. Cal. 1991); *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 U.S. Dist. LEXIS 4467, at *7-8 (N.D. Cal. Jan. 8, 2007).

Amendment." *Kohlmayer v. AMTRAK*, 124 F. Supp. 2d 877 (D.N.J. 2000), citing *Leis v. Flynt*, 439 U.S. 438, 441-42, 58 L. Ed. 2d 717, 99 S. Ct. 698 (1979).

An attorney's ability to practice in the Northern District is governed by Local Rules 11-1 et seq. Local Rule 11-1 provides in part as follows:

> Except as provided in Civil L.R. 11-2, 11-3, 11-9 and Fed. R. Civ. P. 45(f) an attorney must be a member of the bar of this Court to practice in this Court and in the Bankruptcy Court of this District. . . . *To be eligible for admission to and continuing membership in the bar of this Court, an attorney must be an active member in good standing of the State Bar of California*, except that for any attorney admitted before September 1, 1995 based on membership in the bar of a jurisdiction other than California, continuing active membership in the bar of that jurisdiction is an acceptable alternative basis for eligibility.

Local Rule 11-1(a), (b) (emphasis added). Mr. Liebowitz admits—indeed, insists—that he is not an active member in good standing of the State Bar of California. (EFC 8, fn. 1.) Therefore, he does not and cannot meet the requirements for general admission to the bar of the Northern District. He is entitled to practice in the Northern District only if he qualifies under one of the exceptions provided for by Local Rule 11-1. Of these exceptions, the only one that is potentially applicable is Local Rule 11-3, governing admission in the Northern District *pro hac vice*. *See* Fed.R.Civ.P. 45(f), Local Rules 11-2, 11-3.

## B.   Mr. Liebowitz Is Not Qualified for Admission *Pro Hac Vice*, and Should Be Barred from Practicing in the Northern District

The decision as to whether to admit an attorney to practice *pro hac vice* is left to the discretion of the court. *In re Bundy*, 840 F.3d at 1042 (applying abuse of discretion standard); *United States v. Ries*, 100 F.3d 1469, 1471-1472 (9th Cir. 1996) (same); *Kohlmayer v. AMTRAK*, 124 F. Supp. 2d 877, 882 (D.N.J. 2000) (courts retain "broad discretion" in determining whether to admit counsel *pro hac vice*). "[A] court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts." *In re United States*, 791 F.3d 945, 957 (9th Cir. 2015). In denying a *pro hac vice* application, the judge must articulate his reasons. *Ries*, 100 F.3d at 1472.

Mr. Liebowitz does not qualify for admission *pro hac vice* and should not be permitted to appear *pro hac vice* or practice in the Northern District for at least two reasons. First, he has been

1   practicing in California regularly and appears to intend to continue doing so. Second, his conduct

2   as attorney to date is such that there is little if any reason to believe that he will abide by the

3   rules—or even the orders—of the Northern District and its judges.

4          Local Rule 11-3 governs admission *pro hac vice* in the Northern District.  It provides in

5   part as follows: "**Disqualification from Pro Hac Vice Appearance**. Unless authorized by an Act

6   of Congress or by an order of the assigned judge, an applicant is not eligible for permission to

7   practice pro hac vice if the applicant . . . Is regularly engaged in the practice of law in the State of

8   California."  Local Rule 11-3(b)(2).

> Frequent applications for admission pro hac vice may indicate that an attorney is
> regularly engaged in professional activities in California in violation of Local Rule
> 180(b)(2). *See, e.g., Guguni v. Chertoff*, 2008 WL 2080788 (N.D. Cal. 2008);
> *Mendoza v. Golden West Sav. Ass'n Services* Co., 2009 U.S. Dist. LEXIS 64709,
> 2009 WL 2050486 (C.D. Cal. 2009); *Ang v. Bimbo Bakeries USA, Inc*., 2015 U.S.
> Dist. LEXIS 44273, 2015 WL 1474866 (N.D. Cal. 2015). It therefore appears Mr.
> Downey may be considered to have regularly engaged in professional activities in
> California and therefore be ineligible for admission pro hac vice.

14  *Vasquez v. Leprino Foods Co*., No. 1:17-cv-00796-AWI-BAM, 2019 U.S. Dist. LEXIS 151569

15  (E.D. Cal. Sep. 5, 2019). Mr. Liebowitz' own submissions to the Court demonstrate that he is

16  regularly engaged in in the practice of law in California. He has brought at least 19 actions in the

17  Northern District in the past year alone, seeking—albeit only after the Court issued an order to

18  show cause—admission *pro hac vice* in most of them. Indeed, a history of participating in only

19  nine cases is sufficient to constitute the regular practice of law in California, disqualifying at

20  attorney from admission *pro hac vice*.  *Mendoza v. Golden W. Sav. Ass'n Servs. Co*., No. CV 09-

21  1200 GAF (VBKx), 2009 U.S. Dist. LEXIS 64709 (C.D. Cal. July 7, 2009).  For this reason alone,

22  Mr. Liebowitz does not qualify for admission *pro hac vice* in the Northern District, and should not

23  be admitted *pro hac vice* in any case here.

24         Furthermore, if an attorney's past conduct suggests that the attorney will not adhere to the

25  court's rules and practices, admission *pro hac vice* may properly be denied.  *Ries*, 100 F.3d at

26  1472; *In re Bundy*, 840 F.3d at 1042. "Where a court is made aware of a pattern of uncivilized

27  behavior by an attorney, bordering on the unethical, which has resulted in the waste of judicial

28

1    time in the past, it must have discretion to deny the otherwise leniently granted *pro hac vice*

2    applications in the interest of judicial economy." *Kohlmayer*, 124 F. Supp. 2d at 883.

3        Mr. Liebowitz has a long history of violations of court rules and practices that have

4    resulted in the imposition of sanctions.  The following list is illustrative, not exhaustive:

5    • *Berger v. Imagina Consulting, Inc.*, No 7:18-cv-08956 (CS), 2019 U.S. Dist. LEXIS

6        213321 (S.D.N.Y. Nov. 1, 2019). The court detailed Mr. Liebowitz' sustained pattern of

7        conduct in lying to opposing counsel and the court about the alleged death of his

8        grandfather (the date of which he mispresented as an excuse for failing to participate in a

9        discovery hearing), noted his effort to avoid sanctions and further inquiry into his conduct

10       by settling the case, held Mr. Liebowitz in contempt of court, and directed him to show

11       cause why he should not be incarcerated until he paid contempt sanctions.[2] (ECF 10-1, Ex.

12       B; Chadwick Decl., ¶ 4, Ex. A.)

13   • *Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 338-39 (S.D.N.Y. 2019).  The court

14       imposed sanctions on Mr. Liebowitz and his law firm for filing a meritless motion, "made

15       vexatiously and in bad faith," to disqualify an opposing expert. (Chadwick Decl., ¶ 5, Ex.

16       B)

17   • *Stelzer v. Lead Stories LLC*, Civil Action No. 19-cv-00473-PAB-KMT, 2019 U.S. Dist.

18       LEXIS 178345, at *9-10 (D. Colo. July 3, 2019).  The court imposed terminating sanctions

19       against Mr.  Liebowitz's client for failure to comply with multiple deadlines and court

20       orders that "evidences not an administrative error, but a pattern of disrespect for the

21       magistrate judge's authority."  The court found that terminating sanctions were warranted

22       because "plaintiff's lack of respect for the judicial process indicates that any lesser

23       sanction would have little to no effect. Plaintiff's counsel has previously been sanctioned

24       in another district for similar behavior, which clearly has had no deterrent effect. Under

---

[2] On November 13, 2019, the court refused to vacate its prior findings of contempt because "Mr. Liebowitz willfully lied to the Court and willfully failed to comply with lawful Court orders." (*See* Chadwick Decl., ¶ 13, Ex. J, Minute Entry dated 11/13/2019.) The court also stated that it "will defer to the Grievance Committee as to further action" against Mr. Liebowitz. (*Id.*)

these circumstances, no lesser sanction is appropriate and dismissal is the proper result."
*Id*. (Chadwick Decl., ¶ 6, Ex. C)

- *Steeger v. JMS Cleaning Services, LLC*, 17-cv-8013(DLC), 2018 U.S. Dist. LEXIS 32730, at *3 (S.D.N.Y. Feb. 28, 2018) (Chadwick Decl., ¶ 7, Ex. D). The court found, among other things, that "Mr. Liebowitz's claim that his failure to serve [defendant] with the Notice of Pretrial Conference was 'inadvertent' and an 'honest mistake' is unpersuasive given his prior practice before this Court and in this district." This decision and order was modified on reconsideration in an order entered on March 15, 2018, *Steeger v. JMS Cleaning Services, LLC*, No. 17-cv-8013 (DLC), 2018 U.S. Dist. LEXIS 42797 (S.D.N.Y. Mar. 15, 2018) (Chadwick Decl., ¶ 7, Ex. E). On reconsideration, the court reduced the monetary sanctions imposed on Mr. Liebowitz from $10,000 to $2,000, but also required him to participate in a legal education program on ethics and professionalism, noting, *inter alia*, that "Mr. Liebowitz does not dispute that in at least three separate cases in this district he failed to serve the notices of initial conference, thereby failing to comply with three separate court orders. Nor does he express any regret or acknowledgement that he has failed to adhere to the standards expected of officers of this court." *Id.*, at *7-*8.

- *Rice v. NBCUniversal Media, LLC*, No. 19-cv-447 (JMF), 2019 U.S. Dist. LEXIS 114690 (S.D.N.Y. July 10, 2019). The Court held that "sanctions should indeed be imposed on Mr. Liebowitz for his repeated failure to comply with this Court's orders, failures that imposed considerable and unwarranted costs on the Court, its staff, and Defendant NBCUniversal Media, LLC." *Id.*, at *1. The court imposed monetary sanctions of $8,745.50. *Id.*, at *20. (Chadwick Decl., ¶ 8, Ex. F.)

- *Polaris Images Corp. v. CBS Interactive, Inc.,* No. 19-CV-3670 (VEC), 2019 U.S. Dist. LEXIS 175618, at *2 (S.D.N.Y. Oct. 9, 2019). The court imposed sanctions of $1,000 for Mr. Liebowitz' failure to comply with a prior order of the court. The court found that his "attempted justification not only offers no legitimate explanation for his initial failure to comply with the May 2 Order, but also highlights Mr. Liebowitz's continual disregard for this Court's orders in multiple other cases." *Id.*, at *8. (Chadwick Decl., ¶ 9, Ex. G.)

- *Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-9215 (LAK), 2019 U.S. Dist. LEXIS 160421 (S.D.N.Y. Sep. 18, 2019). The court granted a motion for sanctions for discovery misconduct, finding that Mr. Liebowitz and his firm withheld critical information in discovery and offered no meaningful justification or excuse, and required Mr. Liebowitz to pay defendant's reasonable attorneys' fees. (Chadwick Decl., ¶ 10, Ex. H.)

- *Ferdman v. CBS Interactive, Inc.,* 342 F. Supp. 3d 515 (S.D.N.Y. 2018). The court imposed discovery sanctions, precluding the use of evidence pertaining to the copyright registration for the plaintiff's photograph based on the evidence having been improperly withheld during discovery and denied the plaintiff's motion for summary judgment. *Id.,* at 524-530. (Chadwick Decl., ¶ 11, Ex. I.)

As one court in the Southern District of New York has observed: "It is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone." *Rice v. NBCUniversal Media, LLC*, 2019 U.S. Dist. LEXIS 114690, at *1.

Mr. Liebowitz' conduct while practicing in the Northern District demonstrates a continued pattern of flagrant disregard for the rules and practices of the Court. He filed at least 19 actions in a single year without being admitted to the California State bar and without associating with counsel who was or applying for admission *pro hac vice* until he was caught out by the Court and ordered to show cause why he should not be disbarred. In purported justification of this conduct, he has asserted that this pattern of conduct "is a routine custom and practice in many districts throughout the federal court system." (ECF 8, fn. 1.) He provides no basis for this assertion. It is contrary to the experience of counsel for CNPA, who in almost 30 years of practice has appeared in federal and state courts across the country and has always associated with local counsel and either applied for admission *pro hac vice* or for admission to the bar of the pertinent federal District Court, as directed by local rules and/or statutes. (Chadwick Decl., ¶ 14.) CNPA's counsel also is not aware of any other attorney who has brought a large number of cases in the Northern District who was not admitted in California and did not associate with local counsel and seek admission *pro hac vice* from the outset of the litigation. (*Id.*)

In short, Mr. Liebowitz is demonstrably dishonest and is constitutionally incapable of conforming his conduct to the rules and practices of the Northern District. There is no sound justification for admitting him to practice here. *See, e.g., In re Bundy*, 840 F.3d at 1045-46 (upholding denial of *pro hac vice* admission based on a similar record of an attorney's misconduct and disregard for the rules of court); *Mendoza*, 2009 U.S. Dist. LEXIS 64709 (denying *pro hac vice* admission to attorney who was regularly practicing law in the state). There are compelling reasons not to do so. The Court should deny his motion, confirm the Order of Disbarment, and order that Mr. Liebowitz may not practice before any judge or magistrate of the Northern District.

## IV.    CONCLUSION

The Court was quite right to initiate the current proceeding inquiring into Mr. Liebowitz' efforts to practice law in the Northern District without actually being admitted to the practice of law in California and without seeking admission *pro hac vice*. The fact that he has sought and obtained admission *pro hac vice* after the Court ordered him to show cause why he should not be disbarred means nothing. It does not appear that Mr. Liebowitz has disclosed his history of sanctionable and, indeed, contumacious conduct to any of the judges in the Northern District to whom he has applied for admission *pro hac vice*. Nor does it appear that he has disclosed to any judge in the Northern District, other than the Court, that he has brought and appeared in more than 19 cases in the Northern District in a single year, thus violating the prohibition against admission *pro hac vice* of attorneys that are regularly practicing law in California. Mr. Liebowitz has displayed contempt for the rules and practices of this Court and others, for his duty of candor to the courts, and for his obligations his opponents. He is a confirmed copyright troll, using the courts to extort unwarranted settlements. He should not be permitted to expand his dubious enterprise to the Northern District of California.

Dated: December 16, 2019          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By    _____
               */s/ James M. Chadwick*
                JAMES M. CHADWICK
                TENAYA RODEWALD
          Attorneys for California News Publishers
                       Association