**Exhibit F**

 Neutral

As of: December 14, 2019 7:54 PM Z

# Rice v. NBCUniversal Media, LLC

United States District Court for the Southern District of New York

July 10, 2019, Decided; July 10, 2019, Filed

19-CV-447 (JMF)

**Reporter**
2019 U.S. Dist. LEXIS 114690 *; 2019 WL 3000808

JOHN CURTIS RICE, Plaintiff, -v- NBCUNIVERSAL MEDIA, LLC, Defendant.

**Subsequent History:** As Amended July 15, 2019.

Reconsideration denied by, Request denied by Rice v. Media, 2019 U.S. Dist. LEXIS 134022 (S.D.N.Y., Aug. 8, 2019)

## Core Terms

mediation, sanctions, orders, inherent authority, attorney's fees, court order, failure to comply, impose sanctions, license, parties, defense counsel, quotation, marks, monetary sanctions, inherent power, Photograph, Records, non-compliance, pretrial, hourly rate, show cause, scheduling, settlement, attend, cases

**Counsel: [*1]** For John Curtis Rice, Plaintiff: Richard Liebowitz, Liebowitz Law Firm, PLLC, Valleystream, NY.

For NBCUniversal Media, LLC, Defendant:

Alanna B. Newman, Mark Alan Lerner, Satterlee Stephens LLP, New York, NY.

**Judges:** JESSE M. FURMAN United States District Judge.

**Opinion by:** JESSE M. FURMAN

## Opinion

OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

In his relatively short career litigating in this District, Richard Liebowitz has earned the dubious distinction of being a regular target of sanctions-related motions and orders. Indeed, it is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone. *See, e.g., Pereira v. 3072541 Canada Inc.*, No. 17-CV-6945 (RA), 2018 U.S. Dist. LEXIS 195406,

2018 WL 5999636, at *2 (S.D.N.Y. Nov. 15, 2018); *McDermott v. Monday Monday, LLC*, No. 17-CV-9230 (DLC), 2018 U.S. Dist. LEXIS 184049, 2018 WL 5312903, at *2-3 (S.D.N.Y. Oct. 26, 2018) (citing cases); *Steeger v. JMS Cleaning Servs., LLC*, No. 17-CV-8013 (DLC), 2018 U.S. Dist. LEXIS 42797, 2018 WL 1363497, at *3 (S.D.N.Y. March 15, 2018); *Craig v. UMG Recordings, Inc.*, No. 16-CV-5439 (JPO), 380 F. Supp. 3d 324, 2019 U.S. Dist. LEXIS 53973, 2019 WL 1432929, at *10 (S.D.N.Y. Mar. 29, 2019). This Opinion is the latest contribution to that body of law. For the reasons stated below, the Court concludes that sanctions should indeed be imposed on Mr. Liebowitz for his repeated failure to comply with this Court's orders, failures that imposed considerable and unwarranted costs on the Court, its staff, and Defendant NBCUniversal Media, LLC.

## BACKGROUND

Plaintiff John Curtis Rice filed this Complaint, bringing claims under the Copyright Act, 17 U.S.C. § 101 *et seq.*, on January 16, 2019. *See* Docket **[*2]** No. 1. The Complaint alleges that Defendant NBCUniversal Media, LLC, infringed Rice's rights by displaying a copyrighted photograph — depicting the removal of a wild racoon from a beauty shop in the Bronx — on one of its websites. *See id.* More specifically, the Complaint alleges that "NBC did not license the Photograph from Plaintiff for its article, nor did NBC have Plaintiff's permission or consent to publish the Photograph on its Website." *Id.* ¶ 11; *see also id.* ¶ 13 ("NBC is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph."). On January 17, 2019, the Court ordered that the parties appear for an initial conference on May 2, 2019, and ordered them to conduct a mediation session prior to that initial conference. *See* Docket Nos. 6, 7.

NBCUniversal maintains — as it has since early in the case, *see* Docket No. 34 ("Transcript" or "Tr."), at 2-3 — that it did not infringe Plaintiff's copyright because it had a license for online use of Plaintiff's photograph. *See, e.g.*, Docket No. 15, at 3 ¶ 1 (providing the affirmative defense that "NBCUniversal had the express and/or implied license to utilize the Photograph"); **[*3]** Docket No. 16, at 2. In or about mid-March 2019, according to defense counsel, NBCUniversal "produced the evidence supporting its complete license defense" by disclosing to Liebowitz a $200 invoice for "the online Today Show use of the . . . image of Raccoon capture, Bronx, NY." Docket No. 27 ("Lerner Decl.") ¶¶ 2, 6; *see also* Docket No. 27-1 (invoice). Following a discussion with his client, Liebowitz took the position that the license was for one year and that the one-year license had been exceeded. *See* Lerner Decl. ¶ 6; *see also* Docket No. 26 ("Liebowitz 1st Decl.") ¶ 6. Liebowitz did not, however, "produce any documentary evidence to support his position . . . nor did [he] amend [the] Complaint to correct the allegation that there was no license or permission to publish the Photograph." Lerner Decl. ¶ 7.

On April 1, 2019, the Court-annexed Mediation Program closed the mediation referral, noting in the docket entry that "one or both parties failed, refused to attend, or refused to participate in the mediation." Docket No. 14. In a joint letter to the Court in advance of the initial conference, defense counsel represented that NBCUniversal had "indicated that it was willing to participate **[*4]** in mediation and provided available dates to the mediation office, but Plaintiff did not." Docket No. 16. Liebowitz now blames his client's

unavailability for his own failure to attend mediation, *see* Liebowitz 1st Decl. ¶ 17 ("Sanctions should not be imposed for Rice's inability to attend mediation."), but Liebowitz did not inform the Mediation Office (let alone the Court) of this conflict, *see* Lerner Decl. ¶ 10. Instead, as defense counsel notes, Liebowitz "simply did not respond" to the Mediation Office's scheduling emails. *Id.* As of the initial conference, no mediation session was held and no relief from the mediation order had been sought or granted — a clear violation of the Court's January 17th Order.

On May 1, 2019, Liebowitz filed two requests with respect to the May 2nd initial pretrial conference. First, at 3:19 p.m., Liebowitz filed a letter motion requesting that the Court change the time of the conference from 3:45 p.m. to 10:45 a.m. *See* Docket No. 18. The Court grudgingly granted the request, noting that it "would have been on firm ground denying counsel's request — on the ground that it is untimely and inadequately explained." Docket No. 19. The Court warned that at the **[*5]** May 2nd conference, "counsel should be prepared to explain the timing and reason for the request." *Id.* Later the same day, at 11:09 p.m., Liebowitz filed a stipulation of voluntarily dismissal signed by both parties, *see* Docket No. 20, and six minutes later, a letter motion to cancel the May 2nd conference, *see* Docket No. 21. The Court denied the request to cancel the conference the next morning at 9:29 a.m. Docket No. 22. In denying the request, the Court ordered that "[c]ounsel (including Mr. Liebowitz himself) shall appear as scheduled, in part so Plaintiff's counsel can answer for his apparent failure to comply with this Court's orders and rules, including its orders regarding early mediation." *Id.*

Despite the Court's clear order, Liebowitz did not appear for the May 2nd conference. When the Court's staff contacted Liebowitz's office, it "got somewhat conflicting information about whether he was out of town or on his way." Tr. 2. At the conference, the Court asked defense counsel to explain what had occurred on May 1st and before. *Id.* (Notably, defense counsel advised that, "until the eve of the initial pretrial conference, Plaintiff continued to press for settlement, despite the **[*6]** evidence of a valid license." Lerner Decl. ¶ 11; *see also* Tr. 3-4.) The Court also noted at the conference that it would "sign the stipulation of dismissal retaining jurisdiction to adjudicate any sanctions issue." Tr. 7. Later that day, at 4:04 p.m., the Court signed and docketed the parties' stipulation of dismissal. *See* Docket No. 23. By endorsement, the Court specifically "retain[ed] jurisdiction to consider whether sanctions should be imposed upon Plaintiff's counsel." *Id.* The Court also ordered Liebowitz to show cause in writing why sanctions should not be imposed pursuant to Rules 11 and 16 of the Federal Rules of Civil Procedure and the Court's inherent authority. *See* Docket No. 25. In response, Liebowitz submitted two declarations, *see* Liebowitz 1st Decl.; Docket No. 30 ("Liebowitz Reply Decl."), and defense counsel submitted a declaration and a letter with contemporaneous billing records, *see* Lerner Decl.; Docket No. 33 ("Time Records").

## DISCUSSION

It is well established that, when counsel violates a court order or fails to appear at a conference, sanctions may be imposed pursuant to either Rule 16 of the Federal Rules of Civil Procedure or the Court's inherent authority. *See* Fed. R. Civ. P. 16(f)(1); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Such sanctions may be imposed in response to a motion or by the

Court *sua sponte*. *See* Fed. R. Civ. P. 16(f)(1) (noting **[*7]** that the Court may impose sanctions "[o]n motion or on its own"); *Chambers*, 501 U.S. at 43-44. Moreover, the Court may impose sanctions on the lawyer or the lawyer's firm. *See, e.g., Pichardo v. C.R. Bard, Inc.*, No. 09-CV-7653 (SHS), 2015 U.S. Dist. LEXIS 10722, 2015 WL 13784565, at *7 (S.D.N.Y. Jan. 26, 2015); *Shiu v. Jung & Assocs. Law Office P.C.*, 559 F. App'x 105, 106 (2d Cir. 2014) (summary order) (affirming imposition of Rule 16(f) sanctions "jointly and severally" on a law firm). The decision whether to impose sanctions is left to the Court's discretion. *See, e.g., Macolor v. Libiran*, No. 14-CV-4555 (JMF), 2015 U.S. Dist. LEXIS 7958, 2015 WL 337561, at *2 (S.D.N.Y. Jan. 23, 2015).

## A. Sanctions Pursuant to Rule 16(f)

The Court begins with Rule 16. Rule 16(f) authorizes sanctions for, among other things, the "fail[ure] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "In deciding whether a sanction is merited [under Rule 16(f)], the court need not find that the party acted in bad faith." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (internal quotation marks omitted). The Court need find only that there is clear and convincing evidence that counsel disregarded a clear and unambiguous scheduling or other pretrial order. *See id.* ("The fact that a pretrial order was violated is sufficient to allow some sanction." (internal quotation marks omitted)); *see, e.g., S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010).

The Court has no trouble making that finding here. *See* Docket Nos. 6, 7. On January 17, 2019, the Court ordered that, "[u]nless and until the Court orders otherwise, the parties shall schedule a mediation to take place no later than two weeks before the initial **[*8]** pretrial conference." Docket No. 6, at 1 (emphasis omitted). The January 17th Order further stated that, "[i]f the parties believe that early mediation would not be appropriate . . . , they shall file a letter motion seeking relief from the foregoing requirements no later than the deadline to answer." *Id.* The deadline to answer, after extension, was April 3, 2019. *See* Docket No. 12. Neither party sought relief from the early mediation requirement by that date; instead, on April 1, 2019, the Mediation Office reported that "the court-ordered mediation was not held as one or both parties failed, refused to attend, or refused to participate in the mediation." Docket No. 14.

The record reveals that Liebowitz is to blame for the failure to comply with the Court's January 17th order. Defense counsel explained that "[w]hen the mediation office reached out, we reached out and tried to get a phone call together with both attorneys and the mediation office. Mr. Liebowitz did not respond to the mediation office, leading to the subsequent closing of that file by the mediation office." Tr. 5-6; *see also* Docket No. 16 (statement in joint letter that "Defendant indicated that it was willing to participate **[*9]** in mediation and provided available dates to the mediation office, but Plaintiff did not"); Lerner Decl. ¶ 10 (Liebowitz "did not respond to the requests of the Mediation Office to respond regarding the status of the matter and possible dates for mediation"). Notably, Liebowitz does not dispute this; instead, he argues that sanctions should not be imposed for the failure to mediate because his client "was not able to find the availability to take off a full day from work." Liebowitz 1st Decl. ¶ 17. But Rice's purported lack of availability does not excuse Liebowitz's failure to comply with the January 17th Order.

Liebowitz could have sought relief from the Court's Order on account of Rice's unavailability, but he did not do so; he simply failed to respond to the Mediation Office. That clear violation of the January 17th Order — which was intended to facilitate early resolution of the case — merits the imposition of sanctions under Rule 16(f). *See* Fed. R. Civ. P. 16(f)(1)(C); *see also Huebner*, 897 F.3d at 53; *Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011) (finding sanctions to be merited because the "unwillingness to follow this Court's orders has wasted the time of both the Court and Defendants").

## B. Sanctions Pursuant to the Court's Inherent Authority

The Court also imposes sanctions for **[*10]** Liebowitz's failure to comply with the Court's orders pursuant to the Court's inherent power to award sanctions. "[D]istrict courts have the inherent power" to sanction a party "for bad faith conduct violating the court's orders even if procedural rules exist which sanction the same conduct." *S. New England Tel*, 624 F.3d at 144 (internal quotation marks omitted); *see also Chambers*, 501 U.S. at 50 ("[N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules."). Under this "inherent power . . . , a court may assess attorney's fees as a sanction for the willful disobedience of a court order." *Chambers*, 501 U.S. at 45 (internal quotation marks omitted). To warrant an award of attorney's fees pursuant to the Court's inherent authority, the Court must find that Liebowitz acted in bad faith or that he willfully disobeyed the Court's orders. *See id.* at 50; *cf. Huebner*, 897 F.3d at 53 (finding of bad faith is not necessary to impose sanctions under Rule 16(f)).[1]

Applying those standards here, the Court finds it appropriate to impose sanctions pursuant to its inherent authority for Liebowitz's failure to comply with both the January 17th Order mandating early mediation, discussed **[*11]** above, and his failure to appear at the May 2nd conference. In response to Liebowitz's (literal) 11th hour request to adjourn the conference in light of the stipulated dismissal, *see* Docket No. 21, the Court explicitly ordered that "[c]ounsel (including Mr. Liebowitz himself) shall appear as scheduled," Docket No. 22. Yet Liebowitz failed to comply with that unambiguous order.

Liebowitz now claims that his absence was excusable because he believed that "the Court lacked jurisdiction to conduct a Rule 16 conference" after the parties signed the stipulation of dismissal. *See* Liebowitz 1st Decl. ¶ 15. That claim is unpersuasive and, the Court finds, disingenuous. First, it is hard to credit given the letter — filed by Liebowitz himself — requesting adjournment of the conference six minutes after filing the stipulation of dismissal. *See* Docket Nos. 20, 21. Second, the claim is without merit as a matter of law because voluntary dismissal "does not preclude the district court from considering collateral issues such as sanctions." *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014); *see In*

---

[1] To the extent that notice is required to impose sanctions pursuant to the Court's inherent authority, *see, e.g., Chambers*, 501 U.S. at 56; *S. New England Tel. Co.*, 624 F.3d at 148, there is no dispute that the Court's detailed Order to Show Cause provided Liebowitz with the requisite notice, *see* Docket No. 25 ("Plaintiff's counsel is ordered to show cause . . . why sanctions should not be imposed — pursuant to Rules 11 and 16 of the Federal Rules of Civil Procedure and/or the Court's inherent authority — for filing a meritless lawsuit; for continuing to prosecute that lawsuit even after being presented with evidence of its lack of merit; for failure to comply with this Court's orders; and for failure to appear as directed at the conference earlier today.").

*re Austrian & German Bank Holocaust Litig.*, 317 F.3d 91, 98 (2d Cir. 2003) ("Whenever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters."). Thus, even **[*12]** if the Court no longer had jurisdiction to order attendance at a Rule 16 conference — a dubious premise — it plainly had authority to consider sanctions and to mandate counsel's appearance at a conference related to sanctions, as the May 2nd conference was. *See* Docket No. 22 (stating that the conference was "in part so Plaintiff's counsel can answer for his apparent failure to comply with this Court's orders and rules"). Third, Liebowitz's claim is hard to credit because other courts in this District have imposed sanctions on him even after settlement and dismissal. *See, e.g., Steeger*, 2018 U.S. Dist. LEXIS 42797, 2018 WL 1363497, at *1-2 (affirming sanctions imposed after settlement and imposing new sanctions even though the case had already been dismissed). And finally, "attorneys have no absolute right to be warned that they disobey court orders at their peril." *Huebner*, 897 F.3d at 54 (internal quotation marks omitted). Accordingly, the Court declines to credit Liebowitz's statement that he believed the Court lacked jurisdiction to hold a conference and declines to excuse Liebowitz's absence on that basis.

Additionally, the Court finds, for several reasons, that Liebowitz's disobedience of the Court's Orders — both the Orders requiring mediation and Liebowitz's appearance **[*13]** on May 2 — was willful. First, "these orders were explicit and there is no suggestion that [Liebowitz] misread or misunderstood them." *Petrisch*, 789 F. Supp. 2d at 455 (finding a willful violation of the Court's order under Rule 16). Second, because the Court declines to credit Liebowitz's excuses for his behavior, there is no "good-faith explanation" for his failure to comply. *See S. New England Tel.*, 624 F.3d at 148; *see also, e.g., Petrisch*, 789 F. Supp. 2d at 455; *Dumann Realty, LLC v. Faust*, No. 09-CV-7651 (VM) (KNF), 2011 U.S. Dist. LEXIS 76074, 2011 WL 2749523, at *4 (S.D.N.Y. July 8, 2011) (finding willfulness under Rule 37(b) in part because the lawyer "provided no reasonable explanation for his failure"); *Stone v. Goord*, No. 07-CV-2826 (LTS) (THK), 2007 U.S. Dist. LEXIS 84041, 2007 WL 3374583, at *2 (S.D.N.Y. Nov. 14, 2007) (same). Third, Liebowitz failed to comply with the Court's mediation order for several months, *see* Docket Nos. 6, 7 (mediation orders issued on January 17, 2019); Docket No. 14 (close of mediation on April 1, 2019); *see, e.g., Stone*, 2007 U.S. Dist. LEXIS 84041, 2007 WL 3374583, at *3 (finding willfulness in part because of "disobedience of this Court's Order for two months"), and his failure to comply is "not isolated but rather [part of] a pattern" of non-compliance in this case and others, *see S. New England Tel.*, 624 F.3d at 148 (affirming finding of willfulness when failure to comply "was not isolated but rather formed a pattern" of non-compliance); *see, e.g., Pereira*, 2018 U.S. Dist. LEXIS 195406, 2018 WL 5999636, at *3 ("The Court finds particularly concerning Mr. Liebowitz's repeated **[*14]** failures to follow the orders and rules of this Court and others within the district."); *McDermott*, 2018 U.S. Dist. LEXIS 184049, 2018 WL 5312903, at *2 (citing cases, including *Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 U.S. Dist. LEXIS 132066, 2018 WL 4762980 (S.D.N.Y. June 22, 2018), and *Ferdman v. CBS Interactive, Inc.*, 342 F. Supp. 3d 515, 2018 WL 4572241 (S.D.N.Y. 2018), in which Liebowitz has "been sanctioned for failing to comply with court orders and for failing to produce materials during discovery"); *Steeger*,

2018 U.S. Dist. LEXIS 42797, 2018 WL 1363497, at *1, 3. In short, because the Court finds that Liebowitz willfully disobeyed the Court's orders, it is appropriate to impose sanctions on Liebowitz pursuant to the Court's inherent authority.

### C. Imposition of Monetary Sanctions

Under Rule 16(f), "[i]nstead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses — including attorney's fees — incurred because of any noncompliance with this rule." Fed. R. Civ. P. 16(f)(2) (emphasis added); *see Chambers*, 501 U.S. at 42 n.8 (noting that Rule 16(f) "provide[s] for the imposition of attorney's fees as a sanction"). That is, under Rule 16(f), "the court must award fees" but "the fees that may be assessed are limited to those incurred as a result of the Rule violation." *Chambers*, 501 U.S. at 42 n.8. By contrast, the Court's inherent power to impose sanctions includes the power to impose, in its discretion, "attorney's fees representing **[*15]** the entire cost of litigation." *Id.* at 45. For example, in *Chambers*, the Supreme Court upheld the finding that "full attorney's fees were warranted due to the frequency and severity of [the lawyer's] abuses of the judicial system and the resulting need to ensure that such abuses were not repeated." *Id.* at 56.

In light of those principles, the Court finds — pursuant to Rule 16 and its inherent authority — that a single monetary sanction equal to the reasonable attorney's fees incurred by Defendant from April 18, 2019, onward is appropriate. April 18th is the date by which the parties were ordered to conduct mediation. *See* Docket Nos. 6, 7. Thus, from that point on, Liebowitz was unambiguously in violation of the Court's mediation order. And that violation was not without costs: The Court ordered early mediation because, in its experience, "cases of this nature often benefit from early mediation," Docket No. 6; *see also McDermott*, 2018 U.S. Dist. LEXIS 184049, 2018 WL 5312903, at *2 ("In the over 700 cases Mr. Liebowitz has filed since 2016, over 500 of those have been voluntarily dismissed, settled, or otherwise disposed of before any merits-based litigation."), making Liebowitz's failure to mediate a likely cause of additional legal expenses. To the extent that the award **[*16]** also covers time Defendants spent responding to Liebowitz's misconduct — including time wasted responding to settlement demands that the evidence revealed were inappropriate, *see* Lerner Decl. ¶¶ 2, 6 (stating that Defendant produced to Liebowitz evidence of its license in mid-March), and time spent on issues related to sanctions, *see* Time Records 3-4 — such compensation is proper. *See, e.g., Emanuel v. Griffin*, No. 13-CV-1806 (JMF), 2015 U.S. Dist. LEXIS 37944, 2015 WL 1379007, at *18 (S.D.N.Y. Mar. 25, 2015) (ordering the non-compliant counsel to "compensate" defense counsel "for the fees and costs associated with bringing the motion to strike" pursuant to Rule 16(f)); *see also Pichardo*, 2015 U.S. Dist. LEXIS 10722, 2015 WL 13784565, at *1 (awarding under Rule 16(f) attorney's fees incurred in preparing a motion for sanctions).[2]

---

[2] Federal law also "imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics, and provides courts with a cudgel to use, in their discretion, to deter unnecessary delays in litigation." *Huebner*, 897 F.3d at 55. Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In light of the sanctions imposed pursuant to Rule 16(f) and the Court's inherent authority, however, the Court need not and does not address the possibility of sanctions under Section 1927. *See, e.g., Huebner*, 897 F.3d at 56 ("[E]ven if this claim were not frivolous, it would not have been an abuse of discretion to award fees in light of [the attorneys'] . . . willful

In opposing a monetary sanction, Liebowitz invokes Rule 11(c)(5)(B) of the Federal Rules of Civil Procedure, which states that "[t]he court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims." But "Rule 11 does not repeal or modify existing authority of federal courts to deal with abuses under the court's inherent power" and "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Chambers*, 501 U.S. at 48-49. Under this precedent, the Court's inherent authority to impose monetary **[*17]** sanctions is not subject to Rule 11(c)(5)(B)'s limitations. The same is true for the Court's authority to impose sanctions under Rule 16. *See Huebner*, 897 F.3d at 53-54 (imposing sanctions under Rule 16(f)(1)(B) and 16(f)(1)(C) without any reference to Rule 11); *see also* Fed. R. Civ. P. 16, Advisory Committee Note, 1983 Amendment. Indeed, Rule 16(f)'s mandatory language, which includes only two narrowly defined exceptions (for noncompliance that was "substantially justified" and circumstances that make sanctions "unjust"), suggests that its drafters did not mean for Rule 11 to limit Rule 16. To the contrary, the "intention" of Rule 16(f) was "to encourage forceful judicial management," Fed. R. Civ. P. 16, Advisory Committee Note, Subdivision (f), 1983 Amendment, a goal that would be undermined if parties could simply dismiss a case, *see, e.g., Windstream*, 775 F.3d at 135 ("[T]he harm triggering [the] . . . concerns has already occurred upon the mere filing of baseless papers [e]ven if the careless litigant quickly dismisses the action." (internal quotation marks omitted)). Thus, the Court finds that it retains the power under Rule 16(f) and its inherent authority to impose monetary sanctions notwithstanding Rule 11(c)(5)(B) and the voluntary dismissal.

The only remaining questions are whether the sanctions should be imposed on Liebowitz alone or also on his firm and the amount of such sanctions. As to the first issue, "[b]ecause Liebowitz's actions **[*18]** were indistinguishable from those of [the Liebowitz Law Firm PLLC] as a firm,' the Court [imposes sanctions] against both Liebowitz and the Liebowitz Law Firm PLLC, jointly and severally." *See, e.g., Craig*, 2019 U.S. Dist. LEXIS 53973, 2019 WL 1432929, at *10 (citation omitted) (quoting *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 148 (2d Cir. 2012)).

As to the second, the attorney's fees generated on or after April 18, 2019, are $8,745.50. *See* Time Records 2-4. This is based on just over seventeen hours of work at hourly rates ranging from $180 to $570. *See id.* Even the highest of these hourly rates, at $570, is reasonable for copyright infringement work in the Southern District of New York. *See, e.g., Sid Bernstein Presents, LLC v. Apple Corps Ltd.*, No. 16-CV-7084 (GBD) (KNF), 2018 U.S. Dist. LEXIS 53626, 2018 WL 1587125, at *4 (S.D.N.Y. Mar. 29, 2018) (finding a rate of $630 per hour "within the range of fees recently authorized for similarly experienced attorneys in this District involving copyright infringement actions"); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 645 (S.D.N.Y. 2018) (approving a $540 hourly rate for a partner); *Owerko v. Soul Temple Entm't, LLC*, No. 13-CV-6420 (RLE), 2016 U.S. Dist. LEXIS 1836, 2016 WL 80664, at *2 n.1 (S.D.N.Y. Jan. 7, 2016) (citing cases awarding up to $650 per hour in S.D.N.Y.). The Court also finds that around seventeen hours of work from April 18th onward is appropriate and

---

violations of court orders." (internal quotation marks omitted)).

reasonable, particularly given that Liebowitz's inappropriate conduct created the need for Defendant to expend additional time on this case. *See* Time Records 3-4 (Defense **[\*19]** counsel's activities included a "[c]all with client re: possible Rule 11 motion," "[r]eview[ing] and revis[ing] letter to Liebowitz regarding possible Rule 11," "[t]ravel to and appear at court conference," reviewing the Order to Show Cause and Liebowitz's response, "drafting" and "[r]evising declaration in support of order to show cause," and "[c]onfer[ring] with accounting regarding billing records."). By contrast, Liebowitz's proposed award, for five hours at an hourly rate of $250 equaling $1,250 for the entire case, *see* Docket No. 30 ¶ 16, is entirely unreasonable. *Cf. Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006) (approving hourly rates where the opponents did "not seem to contest the reasonableness of the rates"), *aff'd*, 249 F. App'x 845 (2d Cir. 2007).

Thus, the Court finds that Defendant's attorney's fees of $8,745.50 — which represent Defendant's reasonable attorney's fees from April 18 to May 16, 2019 — are reasonable and are properly imposed as sanctions. This sanction is, in the Court's view, sufficient but no greater than necessary to secure compliance with the Court's orders and counsel's professional duties in the future. *See, e.g., Macolor*, 2015 U.S. Dist. LEXIS 7958, 2015 WL 337561, at \*3; *Weiss v. Weiss*, 984 F. Supp. 682, 686 (S.D.N.Y. 1997) ("[S]anctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person **[\*20]** . . . ." (internal quotation marks omitted)). That conclusion is reinforced by Mr. Liebowitz's extensive pattern of non-compliance with court orders in this district. *See, e.g., Pereira*, 2018 U.S. Dist. LEXIS 195406, 2018 WL 5999636, at \*3; *McDermott*, 2018 U.S. Dist. LEXIS 184049, 2018 WL 5312903, at \*2; *Steeger*, 2018 U.S. Dist. LEXIS 42797, 2018 WL 1363497, at \*1, 3.

## CONCLUSION

As set forth above, Mr. Liebowitz and his firm are SANCTIONED for his failure to comply with multiple court orders. **Within thirty days of this Opinion and Order**, Mr. Liebowitz and the Liebowitz Law Firm, PLLC, jointly and severally, shall pay monetary sanctions to Defendant **in the amount of $8,745.50**. **Within one week of receipt**, Defendant shall file proof of such payment. The Court continues to retain jurisdiction to impose any additional sanction as necessary.

SO ORDERED.

Dated: July 10, 2019

New York, New York

/s/ Jesse M. Furman

Jesse M. Furman

United States District Judge

---

**End of Document**