Ellen A. Pansky (SBN 77688)
Art Barsegyan (SBN 279064)
PANSKY MARKLE ATTORNEYS AT LAW
1010 Sycamore Ave., Suite 308
South Pasadena, CA 91030
Telephone: (213) 626-7300
Facsimile: (213) 626-7330

Attorneys for Respondent
Richard Liebowitz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN THE MATTER OF<br><br>RICHARD P. LIEBOWITZ | Case No. 19-mc-80228 (JD) |
|---|---|

# NOTICE REGARDING MATTER UNDER SUBMISSION; ALTERNATIVELY, REQUEST FOR MATTER TO BE REFERRED TO THE GENERAL DUTY OR CHIEF JUDGE OF THIS DISTRICT COURT

## I. Notice Regarding Matter Under Submission

Pursuant to Local Rule 7-13 of this Court, Respondent Richard Liebowitz through his counsel, respectfully gives notice to this Court regarding the pendency of a ruling regarding a submitted matter. Local Rule 7-13 provides in pertinent part:

> Whenever any motion or other matter has been under submission for more than 120 days, a party, individually or jointly with another party, may file with the Court or may ask the Northern District of California Ombudsperson to provide such notice to the Court a notice that the matter remains under submission. If judicial action is not taken, subsequent notices may be filed at the expiration of each 120-day period thereafter until a ruling is made.

Mr. Liebowitz's Rule 60(b)(1) Motion to Vacate an "Order of Disbarment" issued by the Honorable James Donato on October 7, 2019 (the "Motion") has been under submission for over 200 days, and the delay in resolving that Motion is adversely affecting Mr. Liebowitz in this Court and in other courts in which Mr. Liebowitz has pending client matters.

//
//
//
//

## II. Procedural History

Richard Liebowitz is an attorney licensed to practice law in the State of New York and has previously appeared in cases in the United States District Court Northern District of California through successful *pro hac vice* applications. Mr. Liebowitz has never sought or been granted membership to any district of the United States District Courts in California.

On September 20, 2019, United States District Judge, Hon. James Donato of the Northern District of California issued an order to show cause ("OSC") regarding Mr. Liebowitz's admission status. [Dkt. #1]

On October 7, 2019, three days after Mr. Liebowitz filed a response to the OSC [Dkt. #2], Judge Donato issued an "Order of Disbarment," ordering Mr. Liebowitz's name be removed from the membership roll of the Northern District of California – despite Mr. Liebowitz has never been a member of the Northern District – on the ground that Mr. Liebowitz is not listed on the membership roll of the California State Bar. [Dkt. #3] The Order of Disbarment also ordered Mr. Liebowitz to disclose the October 7, 2019 order to all other district courts before which Mr. Liebowitz had *pro hac vice* applications pending. On October 21, 2019, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure,[1] and under the

---

[1] Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id.*, citing *International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir.1977) (stating that a district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir.1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

| | |
|---|---|
| 1 | Court's inherent judicial authority, Mr. Liebowitz filed a motion to vacate or |
| 2 | correct the October 7, 2019, on the grounds that he cannot be disbarred from the |
| 3 | bar of a court to which he had never been admitted, and on the ground that he has |
| 4 | complied with the local rule regarding application for *pro hac vice* admission. |
| 5 | [Dkt. #5] |
| 6 |     On November 18, 2019, non-party Los Angeles Times filed an affidavit in |
| 7 | opposition to Mr. Liebowitz's motion.  [Dkt. #10] As of the time Mr. Liebowitz |
| 8 | filed his motion to vacate, the hearing on the motion was scheduled to be heard on |
| 9 | November 18, 2019; the hearing was subsequently continued to November 21, |
| 10 | 2019. [Dkt. #5-6]   However, on November 18, 2019, Judge Donato issued a |
| 11 | minute order vacating the November 21, 2019 hearing date and stating: "The |
| 12 | Court will issue a decision on the papers."  [Dkt. #9] On December 16, 2019, the |
| 13 | California News Publishers Association, another interested non-party, similar to |
| 14 | Los Angeles Times, filed an affidavit in opposition to Mr. Liebowitz's motion. |
| 15 | [Dkt. #13-14] As the docket shows, that was the last action in this matter, and Mr. |
| 16 | Liebowitz was afforded no opportunity to reply to the supplemental opposition or |
| 17 | to be heard at oral argument. |
| 18 |     Between November 18, 2019 when Mr. Liebowitz's motion was taken |
| 19 | under submission on the papers by Judge Donato and the date of the filing of the |
| 20 | instant notice, over 205 days have elapsed, during which time no ruling has been |
| 21 | issued and the matter remains under submission. |
| 22 |     Mr. Liebowitz respectfully requests that this Court take notice of the delay |
| 23 | in issuing a ruling and that a ruling on his Motion To Vacate be promptly issued |
| 24 | on the grounds that: 1) disbarment is inappropriate since Mr. Liebowitz has never |
| 25 | been a member of the federal bar in the Northern District and therefore cannot be |
| 26 | disbarred; 2) Mr. Liebowitz has qualified under Local Rule 11-3(a) for *pro hac* |
| 27 | *vice* admission on a case-by-case basis in federal district courts in California by |
| 28 | |

being an attorney in good standing where he is licensed to practice in New York and having associated with local California counsel; and Mr. Liebowitz is entitled to the procedures set forth in the local rules to be referred to the Standing Committee on Discipline before any disciplinary action is imposed against him.

### III. If the Assigned District Judge Is Unavailable, Respondent Requests His Motion and This Notice and Be Presented to the General Duty Judge or the Chief Judge

While it does not appear that Judge Donato has become "unavailable" as strictly defined by Local Rule 1-5(p), the Local Rules provide that if an assigned Judge is unavailable to hear a motion and prompt action on the motion is required due to urgency, the motion may be presented to the General Duty Judge or, if unavailable, to the Chief Judge or Acting Chief Judge. (L.R. 7-1(c)(1).) In light of the unusual circumstances underlying the Motion and the unprecedented times in which this matter remains pending without a ruling - involving the Covid-19 pandemic and court closures and limited functioning – if the delay with the Court issuing a ruling is due to unavailability of Judge Donato, Mr. Liebowitz respectfully requests that his Motion, along with this supplemental notice, be expediently presented for consideration to the General Duty Judge or Chief Judge Phyllis J. Hamilton of the United States District Court for the Northern District of California.

//
//
//
//
//

**IV. The "Order of Disbarment" Did Not Comport with Local Rules re: Disciplinary Proceedings Against Attorneys, Depriving Respondent His Right to Due Process, and Therefore, Obtaining a Ruling on His Motion to Vacate the Order is Urgent**

The Civil Local Rules of the United States District Court for the Northern District of California have adopted certain procedures for disciplining attorneys. Specifically, Rule 11-6 provides:

> **(a) General**. In the event that a Judge has cause to believe that an attorney has engaged in unprofessional conduct, the Judge may, in addition to any action authorized by applicable law, do either or both of the following:
>
> **(1)** Refer the matter to the Court's Standing Committee on Professional Conduct; or
>
> **(2)** Refer the matter to the Chief District Judge. If the alleged unprofessional conduct arises in the Bankruptcy Court the Judge shall first refer the matter to the Chief Bankruptcy Judge, who may in turn refer it to the Chief District Judge.

Judge Donato's "Order of Disbarment" did not comport with Local Rule 11-6, which required Judge Donato, following the order to show cause, to refer this matter to the Court's Standing Committee on Professional Conduct. Alternatively, or in addition to such referral, Judge Donato could have referred this matter to the Chief District Judge. However, neither of these actions were taken.

5

Instead, Judge Donato unilaterally initiated an Order to Show Cause proceeding against Mr. Liebowitz on September 20, 2019. [Dkt. #1] Seventeen days thereafter, and in the absence of any hearing, Judge Donato unilaterally issued an "Order of Disbarment" which purported to remove Mr. Liebowitz from the membership roll of this Court, even though he was never a member to begin with. [Dkt. #3] Judge Donato's procedural mechanism for disciplining Mr. Liebowitz did not comport with Rule 11-6.

Rule 11-6, subdivision (e)(4) provides in pertinent part, that only after the Standing Committee completes its investigation and the majority of the Committee make a preliminary finding that the attorney has engaged in misconduct warranting discipline, "the Standing Committee shall institute a disciplinary proceeding by filing with the Clerk a sealed petition that specifies the alleged misconduct. Upon the filing of the petition, the Clerk shall assign a new civil case number to the matter *and shall randomly assign it to a District Judge other than the referring Judge*[.]" (Emphasis added.) Thus, even if Judge Donato had followed the prescribed procedure of Rule 11-6 and referred the matter of Mr. Liebowitz practice before this Court to the Standing Committee, the matter could not have then been reassigned to Judge Donato for the purpose of determining whether Mr. Liebowitz has engaged in professional misconduct.

Considering that Judge Donato's "Order of Disbarment" arose from his determination that Mr. Liebowitz is not a member of the California State Bar and therefore ineligible to practice in this District, the issue is one of Mr. Liebowitz' authority to practice law. Local Rule 11-8 provides that:

> A person who exercises, or pretends to be entitled to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to exercise such privileges, may be referred to the Standing Committee in addition to any action authorized by applicable law.

6

1  Thus, even when addressing the specific issue of an attorney purportedly engaging
2  in the unauthorized practice of law – which Mr. Liebowitz did not do since he
3  obtained *pro hac vice* admission for his appearances – once again the local rules
4  set forth a procedure to have that attorney be referred to the Standing Committee
5  for Investigation.
6       Based on the foregoing, Mr. Liebowitz was not afforded sufficient due
7  process to respond to the allegations made against him before the Standing
8  Committee or Chief District Judge. For that reason, a prompt ruling on Mr.
9  Liebowitz's motion to vacate is needed, and the correct ruling is to vacate Judge
10 Donato's Order of Disbarment its entirety.
11
12 **V.   A Prompt Ruling on the Motion to Vacate the "Order of Disbarment"**
13      **Is Also Necessary to Avoid Further Undue Prejudice to Mr. Liebowitz**
14      **and His Clients and Should be Vacated Expeditiously**
15
16      Since Judge Donato entered the "Order of Disbarment" in October 2019,
17 Mr. Liebowitz has suffered substantial prejudice. For example, Mr. Liebowitz has
18 been required to disclose Judge Donato's order on application forms when Mr.
19 Liebowitz seeks admission to other district courts or appellate courts.
20      Most recently, the Clerk of Court for the District Court of Colorado entered
21 an Advisory Notice on every docket for every case in which Mr. Liebowitz
22 appears as counsel, notifying that an "Order of Disbarment" has been entered in
23 this District, and suggesting that Mr. Liebowitz would therefore be ineligible to
24 practice law in the District of Colorado. At least one district court in the District
25 Court of Colorado has issued an order to show cause directing Mr. Liebowitz to
26 show why his client representation should not be terminated as a result of the
27 "Order of Disbarment."
28

Mr. Liebowitz promptly filed his motion to vacate on October 21, 2019, of only three pages in length. But now over 250 days have passed since the filing of the motion and over 200 days since the matter was taken under submission, and the Court has yet to rule on the motion to vacate. Judge Donato's Order, which did not comply with the mandatory requirements set forth in the local rules, is negatively impacting the substantive rights of Mr. Liebowitz's clients in other districts.

For all of the forgoing reasons, we respectfully request that an order to vacate the "Order of Disbarment" should be granted expeditiously.

Respectfully Submitted:

Dated: June 11, 2020        PANSKY MARKLE ATTORNEYS AT LAW


By:_____/s/_____

        Ellen A. Pansky, Esq.
        Attorneys for Respondent
        Richard Liebowitz